**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **EDWARD HARRIS** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **KELLOGG BROWN & ROOT TECHNICAL** | : | **NO.  08-2995** |
| **SERVICES, INC. AND/OR SERVICE** | : | |
| **EMPLOYEES INTERNATIONAL, INC.** | : | |

<u>**MEMORANDUM OPINION**</u>

**SAVAGE, J.**                                                          **November 20, 2008**

Invoking the Federal Arbitration Act, 9 U.S.C. §§ 1-10, plaintiff Edward Harris seeks confirmation of the arbitration award issued in an employment dispute with his former employer.  The arbitration was conducted in accordance with the defendant employer's Dispute Resolution Plan ("Plan") mandated by the parties' employment agreement.

Claiming that the arbitrator exceeded his authority in deciding an issue that had not been presented, the defendants request that the award be vacated or modified.  The defendants contend that the sole issue before the arbitrator was whether the plaintiff's termination was the result of racial discrimination and the arbitrator erred when he found that the employer had not discriminated against the plaintiff but, nevertheless, wrongfully fired him.

Considering the broad scope of the arbitration agreement and giving the arbitrator's award the deference required, we conclude that the arbitrator did not exceed his authority.  Therefore, the arbitration award will be confirmed.

**Factual Background**

The plaintiff was employed by the defendant Service Employees International, Inc., formerly a subsidiary of Kellogg Brown & Root Technical Services, Inc., which at the time

was a subsidiary of Halliburton.  He was fired in May 2006, for allegedly violating the employer's policy against sexual harassment.  He filed a timely request for arbitration under the Halliburton Dispute Resolution Plan.  In his demand for arbitration, he wrote "Wrongful Termination, By Breach of Contract."  Arbitration Award at 2.  In response to the arbitrator's order that he specify his claims, the plaintiff alleged that the employer ignored its rules and terminated him after an inadequate investigation into the false charges that he had sexually harassed a fellow female employee.  In his response, he specifically cited two counts of racial discrimination, one under Title VII and the other under Texas law.  *Id.*

An arbitration hearing was conducted on April 7, 2008.  *Id.* at 3.  After post-hearing submissions were filed with the arbitrator, the hearing was declared closed on May 7, 2008.  *Id.*  On June 6, 2008, the arbitrator issued his award.  *Id.* at 21.

The arbitrator concluded that the racial discrimination charges were unfounded.  *Id.* at 15.  But, he concluded that the plaintiff was wrongfully terminated on the basis of a "seriously flawed" and unfair investigation.  In the arbitrator's words, "notwithstanding the finding that the Company did not engage in racial discrimination, the inevitable conclusion is that the investigation that was purportedly undertaken was seriously flawed.  Harris was apparently never told of the specific charges against him (or that he was even being accused of sexual harassment), nor was he allowed to tell his side of the story prior to his termination."  *Id.* at 16.

The arbitrator awarded the plaintiff the sum of $49,312 to be paid within thirty days from the date of the award.  *Id.* at 20.  At the same time, he denied the plaintiff's requests for reinstatement and punitive damages.  *Id.* at 21.

### Analysis

Agreements to arbitrate employment disputes, whether based on federal or state statutory claims, are enforceable under the Federal Arbitration Act ("FAA"), 9 U.S.C. §§1-10; *Circuit City Stores, Inc. v. Adams*, 532 U.S. 105, 123 (2001). Agreements to arbitrate are upheld where it is clear that the parties have agreed to arbitrate their disputes in a clear and unmistakable manner.

Judicial review of an arbitration award under the FAA is "extremely deferential." *Dluhos v. Strasberg*, 321 F.3d 365, 370 (3d Cir. 2003). A court may vacate an arbitration award only under circumstances specified in the FAA, which include fraud, the arbitrator's "partiality or corruption", misconduct by the arbitrator prejudicing the rights of either party, and the arbitrator's exceeding his powers. 9 U.S.C. § 10. A court may only modify an award, "so as to effect the intent thereof and promote justice between the parties," where it finds a miscalculation, an award based on a matter not submitted for arbitration, or an award "imperfect in [a] matter of form not affecting the merits of the controversy." 9 U.S.C. § 11. A party seeking vacation of an arbitration award has the heavy burden of demonstrating one of these rare instances where an arbitrator's egregious impropriety is evident. *See Metromedia Energy, Inc. v. Enserch Energy Services, Inc.*, 409 F.3d 574, 578 (3d Cir. 2005). Here, citing 9 U.S.C. §§ 10(a)(3) and (4), the defendants allege "misbehavior" by the arbitrator and that he exceeded his powers. In short, the defendants argue that the arbitrator's ruling on a cause of action that it perceives was not before him exceeded his authority.

An arbitrator cannot exceed his authority as defined by the agreement to arbitrate and the parties' submissions. *Matteson v. Ryan Systems, Inc.*, 99 F.3d 108, 113 (3d Cir.

1996).  In other words, the arbitrator can decide only the issues submitted.  *Id.*

A court gives the same deference to the arbitrator's interpretation of the submissions as it does to his understanding of his authority.  *Mobil Oil Corp. v. Indep. Oil Workers Union*, 679 F.2d 299, 302 (3d Cir. 1982).  Thus, review of the arbitrator's interpretation of what is before him is "highly deferential."  *Matteson*, 99 F.3d at 113.

The Halliburton Dispute Resolution Plan is the "exclusive procedural mechanism for the final resolution" of disputes "related to or arising out of a[n] . . . employment relationship with the Company."   Plan, ¶ 1.  It further provides that the plan "contractually modifies the 'at will' employment relationship."  *Id.*  In paragraph four, the Plan specifically states that "All Disputes . . . shall be finally and conclusively resolved under this Plan and the Rules." *Id.*, ¶ 4.  Significantly, the scope of the arbitrator's powers is left to him.  The Plan dictates that "The arbitrator shall interpret and apply these Rules as they relate to the arbitrator's powers and duties." *Id.*, ¶ 33.

The parties agree that the employment dispute was subject to arbitration under the Plan.  The disagreement is whether the arbitrator ruled on a matter that was not before him.  The plaintiff, who was acting *pro se* then and now, claims he was wrongfully terminated.  The employer contends that he was not fired on the basis of his race.  Thus, the plaintiff takes an expansive view of the issue and the defendants, a narrow one.

The arbitrator, who was authorized to interpret the scope of his "powers and duties" and the issues submitted,  viewed the dispute as focused on whether the employer fired the plaintiff wrongfully.  The arbitrator determined that the plaintiff had not been advised of the specific charge against him and was not given a fair opportunity to defend himself against the "flawed" investigation conducted by the employer.  Arbitration Award at 16.

Accordingly, he ruled that the termination was improper.

The arbitrator acted within the scope of his powers and duties.  He had the authority to determine this dispute, as he interpreted it, arising out of the employment relationship between the parties.  Therefore, there is no reason to disturb his award.

The defendants additionally argue that the arbitrator disregarded Texas law on at will employment.  This argument ignores the specific language in the Plan that provides that it "contractually modifies the 'at will' employment relationship."  Plan, ¶ 1. Certainly, if the employer could raise a defense that an employee was an 'at will' one, there would be no reason to invoke the employment agreement.  In other words, the all encompassing reach of the dispute resolution plan would be illusory.

In any event, the arbitrator's ruling with respect to Texas law is beyond the scope of judicial review.  A mistake of law is not one of the statutory grounds for disturbing an arbitration award under the FAA.  *See Hall Street Associates, L.L.C. v. Mattel, Inc.*, ___ U.S. __, 128 S.Ct. 1396, 1404-05 (2008).

## Conclusion

There is no basis to vacate the award of the arbitrator who acted within the scope of his powers and duties.  Therefore, the award will be confirmed.